Neel, J.
BACKGROUND
Plaintiff Tony Martin brought this libel action against defendants, Avik Roy (Roy), Samira Khan (Khan), and the Advocates of Rational Discourse. Defendant Roy has moved for summary judgment, arguing that the plaintiff cannot establish actual malice.[1] The plaintiff opposes the motion for summary judgment, and seeks, by way of a motion to strike interrogatory and for further answer, disclosure of the identity of the confidential source who allegedly supplied Roy with the false information that forms the basis of the plaintiffs case. Plaintiff argues that he must have discovery of the confidential source so that he can defend the motion for summary judgment. Defendant Roy argues that the source is protected by a common law journalistic privilege; that any privilege to defendant is outweighed by the public interest in First Amendment protections; and that plaintiff does not need the information sought.
DISCUSSION
Based on the pleadings, affidavits, and depositions submitted by the parties, the court concludes that the *131 defendant Roy’s motion for summary judgment, and the plaintiffs motions for refusal of application of summary judgment and to strike interrogatory and for further answer, are premature. The materials presented indicate a strong likelihood that the plaintiff may obtain the identity of the confidential source he seeks by deposing a relatively small number of current or former members of the “Counterpoint” staff. Cf. Sinnot v. Boston Retirement Board, 402 Mass. 581, 587 (1988) (refusing to order disclosure until plaintiff shows he has exhausted other means of discovering source’s identity). The defendant has supplied sufficient information regarding the identity of the source to limit the number of persons the plaintiff must depose. Specifically, the plaintiff has been told that the confidential source was a female Wellesley College student who (a) was a member of the “Counterpoint” staff; (b) was Counterpoint’s principal contact with events and happenings at Wellesley; (c) eventually held a senior editorial position at Counterpoint; (d) worked with the defendant, Roy, at the “Counterpoint” for at least one academic year during the period beginning September 1991 through June 1993; and (e) investigated and wrote her own news articles for Counterpoint.
ORDER
For the foregoing reasons, the court ORDERS that:
a. the plaintiff complete discovery in this matter regarding the identity of the confidential source by November 12, 1996;
b. at such time, the plaintiff shall report to the court in writing what action the plaintiff has taken and whether the plaintiff has learned the identity of, and has been able to depose, the confidential informant; and
c. after receipt of the plaintiffs report, the court shall consider whether to order further discovery, or to act upon the pending motions.

 The plaintiff has stipulated to being a public figure. The parties disagree, however, as to whether the defendant must show that the plaintiff is a public figure as to the particular subject matter of the statements involved in this case, and whether the stipulation satisfies any such obligation.